Eastern District of Kentucky
F I L E D
JAN 31 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ROBERT RANDOLPH, ) | |
| ) | |
| Petitioner, ) | Civil No. 0: 19-12-HRW |
| ) | |
| V. ) | |
| ) | |
| J. C. STREEVAL, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Robert Randolph has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251(2015) rendered the enhancement of his federal sentence improper. [D. E. No. 1] This matter is before the Court to conduct an initial review of the petition as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In April 2011, Randolph was charged in Rome, Georgia with violating 18 U.S.C. § 922(g)(1) by possessing a firearm after having been convicted of several felonies. Randolph had prior felony convictions in Tennessee for: (1) third-degree burglary in 1979; (2) felonious aggravated assault with intent to murder in 1990; (3) attempted second-degree murder in 1992; (4) attempt to commit especially aggravated robbery in 1992; (5) domestic assault in 2006; (6) false imprisonment in

1

2006; (7) unlawful carry of a weapon in 2007; and (8) unlawful possession of a weapon in 2007. Randolph agreed to plead guilty to the federal charge in June 2012. As part of the binding plea agreement, Randolph agreed that he qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e); would receive the mandatory minimum 180-month sentence required by the Armed Career Criminal Act ("ACCA"); and waived his right to appeal or collaterally attack his conviction or sentence unless the court imposed a sentence greater than allowed by law. In August 2012 the trial court sentenced Randolph to 180 months imprisonment. *United States v. Randolph*, No. 4: 11-CR-17-HLM-WEJ-1 (N.D. Ga. 2011).

Randolph filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence on grounds of ineffective assistance of counsel and in light of the Supreme Court's subsequent decision in *United States v. Descamps*, 570 U.S. 254 (2013). Randolph later sought to amend his motion to assert that his ACCA enhancement was improper in light of *Johnson* because his prior conviction for attempted second degree murder was no longer a violent felony. The government responded that even if this were so, Randolph's conviction for especially-aggravated robbery did qualify and would stand as his third predicate offense. Following the appointment of counsel and an evidentiary hearing on the ineffective assistance claim, in March 2016 the trial court denied the § 2255 motion, concluding in

2

pertinent part that Randolph's claim under *Johnson* was procedurally defaulted because he failed to challenge his sentence enhancement on direct appeal.

Three months later, the Eleventh Circuit granted Randolph's motion to file a second or successive § 2255 motion to assert his claim under *Johnson*, but expressly noted that it made no conclusive determination whether Randolph's claim satisfied the requirements of 28 U.S.C. § 2255(h). *In re: Randolph*, No. 16-12961 (11th Cir. June 24, 2016). The trial court again appointed counsel to represent Randolph, who argued that his Tennessee convictions for third-degree burglary and attempted second degree murder no longer qualified as valid predicate offenses after *Johnson*, and that he had not procedurally defaulted his *Johnson* claim. The trial court disagreed, concluding in January 2017 that its prior resolution of Randolph's *Johnson* claim in his first § 2255 motion precluded him from using a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h) to relitigate the issue. Randolph appealed, but the Eleventh Circuit affirmed in September 2018 in a thorough and published opinion, noting that "a *Johnson* claim was available to Randolph during the time that his first § 2255 motion was pending ...". *Randolph v. United States*, 904 F. 3d 962, 965 (11th Cir. 2018).

In his present § 2241 petition, Randolph reiterates his argument that following *Johnson*, his Tennessee conviction for third degree burglary no longer qualifies as a

valid ACCA predicate offense. However, the Court has thoroughly reviewed Randolph's petition, and concludes that his petition must be denied.

First, as part of his plea agreement Randolph knowingly and voluntarily waived his right to appeal or collaterally attack his conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *petition for cert. filed*, No. 18-6807 (Nov. 26, 2018). In his plea agreement, Randolph bargained for and received a substantial reduction in the sentence he faced – up to life imprisonment – in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence by any means, whether by direct appeal or collateral attack. Randolph is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

The Court must also deny the petition because Randolph's claims are not cognizable in a § 2241 petition. To challenge the legality of his federal conviction or sentence a federal prisoner must file a motion under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th

Cir. 2003). Under a narrow exception to this rule a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition, but only if: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Randolph fails to meet these requirements in several respects. First, he was sentenced in 2012 long after *Booker* rendered the sentencing guidelines advisory rather than mandatory. *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at \*3-4 (E.D. Ky. Dec. 14, 2018).

5

Second, it is well-established that the remedy available under § 2255 is not considered "inadequate and ineffective" as required to invoke the savings clause merely because the prisoner properly invoked 28 U.S.C. § 2255 but was denied relief. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Here, Randolph has already sought relief under *Johnson* in both his initial § 2255 motion and in his successive § 2255 motion, without success. This does not open the doors to habeas relief under § 2241; resort to § 2241 under the savings clause is only permissible where the remedy afforded by § 2255 is structurally unavailable to afford the petitioner even one round of review, not simply because a motion under § 2255 was denied. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Finally, *Johnson* is not a case of statutory interpretation as required to invoke the savings clause; rather, it found unconstitutional a portion of the ACCA. Because *Johnson* was not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under section 2255," a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable

6

for attack under section 2255."). Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from sentencing enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Lane v. Butler*, No. 6: 15-101-DCR, 2015 WL 5612246, at *3 (E.D. Ky. Sept. 21, 2015). Here, the remedy under § 2255 was not structurally unavailable for Randolph to assert his *Johnson* claim because it announced a new, previously unavailable rule of constitutional law, *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015), and the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review, *Welch*, 136 S. Ct. at 1265. Because *Johnson* satisfied the criteria to permit second or successive motions for relief under § 2255(h)(2), that remedy is not *structurally* "inadequate or ineffective" to test the legality of his detention, *Truss*, 115 F. App'x at 773-74, even where, as here, the defendant sought permission to seek relief under § 2255 but the motion was denied. *Copeland*, 36 F. App'x at 795.

Accordingly, it is **ORDERED** as follows:

1.  Petitioner Robert Randolph's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 31 day of January, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge